UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARSELI SANTANA, | Case No. 2:19-cv-01949-AB (SSx) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTION TO DISMISS , DENYING PLAINTIFF'S MOTION TO STRIKE , AND DENYING PLAINTIFF'S MOTION TO COMPEL** |
| AMAZON.COM, INC., et al., | |
| Defendant(s). | |

## I.    INTRODUCTION

Pending before the Court is (1) Defendants Amazon.com, Inc., On-Demand Publishing LLC ("On-Demand Publishing") a.k.a. and d.b.a. Createspace.com, Inc. ("Createspace") doing business as Createspace.com, Amazon Digital Services LLC also known as Amazon Digital Services, Inc., Amazon Services LLC, and Jeffrey Bezos's ("Defendants") Motion to Dismiss Plaintiff David Darseli Santana's ("Plaintiff") Complaint for Insufficient Service, Lack of Personal Jurisdiction, and Failure to State a Claim Upon Which Relief Can be Granted ("Mot. to Dismiss," Dkt. No. 21); (2) Plaintiff's Motion to Strike Defendants' Motion for Dismissal ("Mot. to Strike," Dkt. No. 30); and (3) Plaintiff's Motion to Compel Defendants to Sign Waiver of Summons and Complaint ("Mot. to Compel," Dkt. No. 34).  The Court

1  found these matters appropriate for resolution without oral argument and took the
2  matter under submission.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons
3  set forth below the Court **GRANTS in part** and **DENIES in part as moot**
4  Defendants' Motion to Dismiss, **DENIES** Plaintiff's Motion to Strike, and **DENIES**
5  Plaintiff's Motion to Compel **as moot**.

6  **II.        BACKGROUND**

7  **A. Factual Background**

8  Plaintiff asserts claims against Defendants arising out of his intellectual
9  property being sold on Amazon websites.  The following facts are taken from the
10  Complaint. ("Compl," Dkt. No. 1.)

11  The worldwide web enables content pirates to digitally record and conduct
12  "print on demand" ("POD") services to illegally copy, transmit, distribute, replicate,
13  and sell intellectual property without authorization.  (*Id.* ¶¶ 20–24.)  As the alleged
14  owner of several sound recordings, musical compositions, and visual works, Plaintiff
15  was an alleged victim of this type of pirating scheme.  (*Id.* ¶¶ 3,18–19.)

16  According to Plaintiff, On-Demand Publishing, doing business as Createspace,
17  is a POD company that replicated and distributed his intellectual property for sale.
18  (*Id.* ¶¶ 25, 29.)  Plaintiff claims that "pirates" created digital and physical copies of his
19  intellectual works, selling them on Amazon websites, other internet markets, and in
20  brick and mortar establishments around the world.  (*Id.* ¶¶ 32–33, 40.)

21  Plaintiff contends that Defendants use vague and loose wording in their
22  disclaimers about intellectual property sold on their websites to defend against
23  potential lawsuits.  (*Id.* ¶ 35.)  As a result, Plaintiff accuses Defendants of being "safe-
24  haven piracy hosts" that profit from these illegal piracy schemes. (*Id.* ¶ 39.)

25  **B. Procedural Background**

26  On March 15, 2019, Plaintiff, a pro se litigant, filed a Complaint against
27  Defendants, asserting (1) direct copyright infringement, (2) contributory infringement
28  of copyrights, (3) vicarious infringement of copyrights, (4) unlawful use of digital and

2.

audio devices, (5) violation of the Racketeering Influenced and Corrupt Organizations

("RICO") Act, and (6) harmful negligence.  (*Id.* ¶¶ 41–112.)  On that same day,

Plaintiff incorrectly effectuated service of process.[1]  (Dkt. Nos. 2–7.)  On March 20,

2019, the Court issued a Standing Order.  (Dkt. No. 13.)  On May 22, 2019, Plaintiff

again incorrectly effectuated service of process.[2]  (Dkt. Nos. 15–20.)  On June 5,

2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Insufficient

Service, Lack of Personal Jurisdiction, and Failure to State a Claim Upon Which

Relief Can be Granted.  (Mot. to Dismiss.)  On June 11, 2019, Plaintiff properly

served the corporate Defendants via their agent of service, Corporation Service

Company ("CSC"), and erroneously served individual Plaintiff Jeffrey Bezos.[3]  (Dkt.

Nos. 23–28.)  On June 18, 2019, Plaintiff filed a Motion to Strike Defendants' Motion

for Dismissal. (Mot. to Strike.)  On June 27, 2019, Defendants replied in support of

their Motion to Dismiss and responded to Plaintiff's Motion to Strike.  ("Reply to

Mot. to Strike," Dkt. No. 32.)  On June 29, 2019, Plaintiffs filed a Motion to Compel

Defendants to Sign a Waiver of the Summons and Complaint.  (Mot. to Compel.)  On

July 3, 2019, Defendants responded to Plaintiff's Motion to Compel.  ("Response to

Mot. to Compel," Dkt. No. 35.)  On July 9, 2019, the Court took Defendants' Motion

to Dismiss and Plaintiff's Motion to Strike under submission to be decided without

oral argument.  (Dkt. No. 36.)  On July 11, 2019, Plaintiff filed a Memorandum in

support and elaboration of his Motion to Strike.[4]  ("In Support of Mot. to Strike," Dkt.

---

[1] It appears that Plaintiff attempted to effectuate service of the summons via "U.S. mail," and the proof of service was not signed.

[2] Plaintiff attempted to effectuate service via "U.S. mail" but service was not deemed complete, because Defendants did not return an acknowledgment of receipt, and Plaintiff did not effectuate service in any other manner permitted by California law, as required by the notice of service under California Rule of Civil Procedure section 415.30. Cal. Civ. Proc. Code § 415.30.

[3] Plaintiff hand-delivered service to Defendant Jeffrey Bezos via CSC, but, as Defendants argue, Plaintiff  had no reason to believe that CSC was authorized to accept service on his behalf (nor was it). (Reply to Mot. to Strike 2.)

[4] Although Plaintiff did not file an opposition to Defendants' Motion to Dismiss,

1   No. 37.)  On July 15, 2019, Defendants objected to Plaintiff's Memorandum.

2   ("Objections to Mem.," Dkt. No. 38.)  On July 18, Plaintiff replied to Defendants'

3   objections.  ("Reply to Objections," Dkt. No. 39.)  On July 22, 2019, Defendants filed

4   a waiver of service for Defendant Jeffrey Bezos. (Dkt. No. 40.)  On July 23, 2019, the

5   Court took Plaintiff's Motion to Compel under submission to be decided without oral

6   argument.  (Dkt. No. 41.)

7   **III.      DISCUSSION**

8   **A. Pro Se Pleadings**

9        It is the Court's duty to construe a pro se plaintiff's pleadings liberally.

10  *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  The Supreme Court has

11  established that pro se complaints must be held to less stringent standards than formal

12  pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

13  **B. Compliance With Local Rule 7-3 In Relation To Defendants' Motion**

14  **To Dismiss**

15       As a preliminary matter, Plaintiff opposes Defendants' Motion to Dismiss

16  partly because Defendant failed to meet and confer as required by Local Rule 7-3.

17  (*See* Mot. to Strike; In Support of Mot. to Strike.)  Local Rule 7-3 requires counsel or

18  parties contemplating motion practice to "contact opposing counsel [at least seven (7)

19  days prior to the filing of the motion] to discuss thoroughly, preferably in person, the

20  substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-

21  3.  The Court has the discretion to refuse to consider a motion based on a party's

22  noncompliance with Local Rule 7-3.  *CarMax Auto Superstores Cal. LLC v.*

23  *Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).  However, failure to comply

24  _____

25  Plaintiff's Motion to Strike and Memorandum in support and elaboration of his
    Motion to Strike are in the nature of an opposition.  Under Local Rule 7-9, Plaintiff's
26  opposition was due by June 21, 2019, so Plaintiff's memorandum was untimely.  C.D.
    Cal. L.R. 7-9.  The Court advises Plaintiff that although he is appearing pro se, he
27  must still follow all court rules and meet all court deadlines.  However, as this is
    Plaintiff's first violation, and out of an abundance of caution, the Court will consider
28  the Memorandum as part of Plaintiff's opposition.

1  with Local Rule 7-3 does not automatically warrant denial of a  motion. *Id.* at 1088.

2      Here, the parties met and conferred regarding insufficient service and

3  Defendant Jeffrey Bezos' dismissal from the matter via a telephone conference[5] and

4  email exchange.  (Mot. to Strike 6–7; Mot. to Strike 8, Exs. MS-1, MS-2, MS-3;

5  Reply to Mot. to Strike 2.)  However, Plaintiff argues that Defendants failed to voice

6  all other contentions made in their motion to dismiss.  In response, Defendants

7  contend they "indicated that the complaint was deficient for *other reasons*" and that

8  Plaintiff's written response forced them to file a Motion to Dismiss. (Mot. to Strike 7;

9  Reply to Mot. to Strike 2.) (emphasis added).

10     It is unclear as to whether the parties discussed personal jurisdiction and all

11  other issues raised in Defendants' Motion to Dismiss.  Although the Court has the

12  discretion to deny Defendants' motion for failure to fully comply with Local Rule 7-3

13  by failing to discuss these issues as part of the substance of the contemplated motion

14  and explore possible resolutions, it declines to do.  The parties are reminded that the

15  purpose of Local Rule 7-3 is to attempt to resolve the issues necessitating motion

16  practice.  *See* C.D. Cal. L.R. 7-3.  The parties are cautioned that any further failure to

17  strictly and meaningfully comply with Local Rule 7-3 could result in denial of

18  motions.  The Court therefore elects to consider Defendants' motion to dismiss.

19          **C. Motion To Dismiss For Insufficient Service**

20     "[S]ervice of summons is the procedure by which a court having venue and

21  jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the

22  party served." *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946).

23  "Before a federal court may exercise personal jurisdiction over a defendant, the

24  procedural requirement of service of summons must be satisfied." *Omni Capital Int'l,*

25

26  _____

27  [5] The telephone conference occurred on May 28, 2019. (*See* Mot. to Strike 8, Ex. MS-1 at 1.)  For purposes of satisfying the timing requiring under Local Rule 7-3, the Court finds that Defendants sufficiently complied with Local Rule 7-3 in attempting

28  to meet and confer with Plaintiff before filing their motion.

1   *Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).  Accordingly, Federal Rule

2   of Civil Procedure (hereinafter "Rule") 12(b)(5) provides that insufficient service may

3   be a basis for dismissing a complaint.  Fed. R. Civ. P. 12(b)(5).

4     Rule 4, which governs the manner of service for individuals, permits service by

5   any person who is 18 years of age or older and not a party to the suit.  Fed. R. Civ. P.

6   4 (c), (e), (h).  Here, Plaintiff successfully effectuated personal service upon corporate

7   Defendants on June 11, 2019, and Defendant Jeffrey Bezos filed a waiver of service

8   on July 22, 2019.  (Dkt. Nos. 23–28, 40.)   Thus, the Court deems this issue resolved

9   and **DENIES in part** Defendants' Motion to Dismiss for Insufficient Service as **moot**.

10      **D. Motion To Dismiss For Lack Of Personal Jurisdiction**

11     Rule 12(b)(2) provides a basis for moving to dismiss a complaint for lack of

12   personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Once a defendant moves to dismiss,

13   the plaintiff bears the burden of demonstrating the court's  jurisdiction over the

14   moving defendant.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

15   The plaintiff only needs to make a prima facie showing of personal jurisdiction to

16   overcome a motion to dismiss.  *Id*.  The court assumes that uncontroverted allegations

17   in the plaintiff's complaint are true, and conflicts between the parties' declarations are

18   resolved in the plaintiff's favor.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108

19   (9th Cir. 2002).

20     The court first looks to state law to determine whether a court possesses

21   personal jurisdiction over a defendant.  *Daimler AG v. Bauman*,  571 U.S. 117, 125

22   (2014).  California's long-arm statute allows the exercise of personal jurisdiction "on

23   any basis not inconsistent with the Constitution of [California] or of the United

24   States."  Cal. Code Civ. Proc. § 410.10.  Thus, the question is whether due process

25   allows this Court to exercise personal jurisdiction over Defendants.

26     Due process requires an out-of-state defendant to have "certain minimum

27   contacts with the State such that the maintenance of the suit does not offend traditional

28   notions of fair play and substantial justice."  *Goodyear Dunlop Tires Operations, S.A.*

*v. Brown*, 564 U.S. 915, 923 (2011) (quotations omitted).  Two types of jurisdiction satisfy this minimum contacts test: general jurisdiction and specific jurisdiction. Defendants argue this Court lacks both general and specific personal jurisdiction such that dismissal is warranted.  (Mot. to Dismiss 5–10.)  Plaintiff seeks jurisdictional discovery to establish that the Court has personal jurisdiction over Defendants.  (Mot. to Strike 11–12.)  The Court addresses each issue in turn and determines it lacks personal jurisdiction over Defendants.

## I.  General Jurisdiction

General jurisdiction justifies the exercise of personal jurisdiction over a defendant as to any matter when the defendant has continuous and systematic contacts with the forum state so as to render it "essentially at home in the forum state." *Daimler*, 571 U.S. at 127.  For corporations, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction."  *Id.* at 137 ("These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims").  Though a corporation may still be subject to general jurisdiction in other states when its contacts make them essentially "at home" there, the Supreme Court has rejected the exercise of general jurisdiction in any state just because "a corporation engages in a substantial, continuous, and systematic course of business."  *Id.* at 138.  *But cf. Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952) (finding general jurisdiction over a Philippines corporation appropriate in Ohio when the company's president lived in Ohio, maintained an office with the company's files, and oversaw the company's activities).

It appears Plaintiff does not argue that Defendants are subject to general personal jurisdiction in California.  Plaintiff does not allege that Defendants are domiciled in California for purposes of general jurisdiction.  In fact, Plaintiff claims to believe that Defendants Amazon.com, Inc., Amazon.com Services, Inc., and Amazon Digital Services LLC, also known as Amazon Digital Services, Inc. are Delaware

1   corporations with their principal places of business in Washington.  (Compl. ¶¶ 10,

2   12–13.)  Plaintiff also claims that On-Demand Publishing, doing business as

3   Createspace, is a Delaware corporation with its principal place of business in South

4   Carolina and service of process in Washington.  (Compl. ¶ 11.)  Lastly, Plaintiff

5   claims that Amazon Services LLC is a Nevada corporation with its principal place of

6   business in Washington and that individual Defendant Jeffrey Bezos resides and has

7   his principal place of business in Washington.[6]  (Compl. ¶¶ 14–15.)

8           The only argument Plaintiff presents of Defendants' contacts in California for

9   purposes of general jurisdiction is that they "do an enormous amount of business in

10  the world's [third] largest economy: California."  (In Support of Mot. to Strike 5.)

11  Standing alone, this fact is insufficient to support general jurisdiction.  "[E]ngaging in

12  commerce with residents of the forum state is not in and of itself the kind of activity

13  that approximates physical presence within the state's borders."  *Bancroft & Masters,*

14  *Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Based on these facts,

15  Plaintiff has failed to establish that Defendants are subject to general personal

16  jurisdiction in California.

17                        **II.  Specific Jurisdiction**

18          Even without general jurisdiction, the exercise of personal jurisdiction over

19  Defendant may be proper if Plaintiff's claims arise out of Defendants' contacts in

20  California.  Specific jurisdiction exists "if: 1) the non-resident defendant does some

21  act by which it purposefully avails itself of the privilege of conducting activities in the

22  forum, 2) the claim arises out of the defendant's forum-related activities, and 3) the

23  exercise of jurisdiction is reasonable."  *Farmers Ins. Exch. v. Portage La Prairie Mut.*

24

25  ───────────────

26  [6] While Defendants concede that Defendant Jeffrey Bezos resides in California, they
    clarify that he is not domiciled there. (Mot. to Dismiss 1, 6).  Moreover, this does not

27  appear to be a *Perkins* situation where evidence shows that Defendant Jeffrey Bezos,
    Amazon CEO, oversees Amazon's activities and maintains the company's files in

28  California.

1   *Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).  The plaintiff bears the burden of

2   establishing the first two elements, and if met, the burden shifts to the defendant to

3   show that exercising jurisdiction would be unreasonable.  *Schwarzenegger v. Fred*

4   *Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

5                              **a.  Purposeful Direction**

6            To determine whether an alleged tortfeasor purposefully directed its activities at

7   the forum state, courts apply a three-part test derived from the Supreme Court's

8   decision in *Calder v. Jones*, 465 U.S. 783 (1984).  *Brayton Purcell LLP v. Recordon*

9   *& Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).  Under that test, the plaintiff must

10  allege or otherwise show that the defendant (1) committed an intentional act, (2)

11  expressly aimed the act at the forum state, and (3) caused harm the defendant knew

12  would likely be suffered in the forum state.  *Id.* at 1128.

13                              **i.  Intentional Act**

14           A plaintiff satisfies the intentional act element of the *Calder* test by showing

15  that the defendant intentionally performed the alleged acts, even if the defendant did

16  not intend the results of its conduct.  *See Schwarzenegger*, 374 F.3d at 806; *Brayton*,

17  606 F.3d at 1128 (holding that copyright infringement is an intentional act).

18           Here, Plaintiff alleges that Defendants committed intentional acts by

19  participating in and enabling the unauthorized copying, transmission, distribution, and

20  selling of his intellectual property.  (Compl. ¶¶ 24, 27–30.)  Thus, the intentional act

21  element is satisfied.

22                              **ii.  Expressly Aimed at California**

23           The second element of the *Calder* test requires the plaintiff to establish that the

24  defendant expressly aimed its actions at the forum state.  *Schwarzenegger*, 374 F.3d at

25  803.  Express aiming is satisfied when the plaintiff alleges that the defendant,

26  knowing that the plaintiff is a resident of the forum state, engages in wrongful conduct

27  targeted at the plaintiff.  *Bancroft & Masters*, 223 F.3d at 1087.  It requires more than

28  "'untargeted negligence' that merely happened to cause harm to [the plaintiff]."

1   *Schwarzenegger*, 374 F.3d at 807 (quoting *Calder*, 465 U.S. at 789).

2       Here, Plaintiff contends that Defendants committed "many acts of infringement

3   and other violations of law . . . in the State of California and in this district," but

4   Plaintiff fails to specify which "acts of infringement" or "other violations" occurred in

5   California and how they establish specific personal jurisdiction.  (Compl. ¶ 6.)

6   Plaintiff argues that Defendants "[a]ggressively conducted business and [sought] to

7   target California consumers (residents) and businesses in marketing and selling their

8   products and services."  (In Support of Mot. to Strike 5.)  Plaintiff also provides

9   images of the Amazon Defendants promoting and selling products and services via

10  Amazon Prime delivery, check stands in Whole Foods markets, permanently installed

11  lockers for order pick-ups, gift cards in supermarkets, and Defendants generally doing

12  business in California.  (*Id.* 5–11, Exs. MMS-1, MMS-2, MMS-4, MMS-5, MMS-6,

13  MMS-7, MMS-8, MMS-9, MMS-10, MMS-11.)  However, none of these actions

14  demonstrate that Defendants expressly aimed the alleged copyright infringement at

15  California.  It is also insufficient that Plaintiff's works are now "around the world in

16  both physical and digital format."  (Compl. ¶ 40.)  Therefore, the second prong of the

17  *Calder* test is not met.

18                  **iii.  Causing Harm Defendants Know Is Likely To Be**

19                          **Felt In California**

20      The third element of the *Calder* test requires a showing that the defendant knew

21  the plaintiff would suffer harm in the forum state.  *Schwarzenegger*, 374 F.3d at 805;

22  *see also Brayton Purcell*, 606 F.3d at 1131 (finding the element satisfied because the

23  plaintiff was known to reside in the forum state when the defendant infringed the

24  plaintiff's copyright); *Angelini Metal Works Co. v. Hubbard Iron Doors*, Inc., No.

25  CV-11-6392-GHK (PLAx), 2016 WL 6304476, at *4 (C.D. Cal. Jan. 5, 2016) ("It was

26  foreseeable that [Defendant's] alleged misappropriation of Plaintiff's copyrighted

27  designs would cause harm to Plaintiff in its home state of California").

28      Here, Plaintiff fails to allege that Defendants were aware they were likely to

10.

cause harm in California.  Plaintiff claims that once POD companies illegally replicate intellectual works, those works are sold on Amazon websites and other internet markets or "in brick and mortar establishments in the United States of America and in more than 9 other countries." (Compl. ¶ 29.)  This is insufficient to show that Defendants knew the alleged harm caused likely would be suffered in California. Plaintiff's claims that Defendants aggressively conducted business in California are also insufficient, because doing business throughout the nation does not establish general or personal jurisdiction in each state.  "A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. 117, 139 (2014).  Further, Plaintiff fails to demonstrate the "relationship among the defendant, the forum, and the litigation," such that the Court could find that Defendants foresaw the harm occurring in California.  *Calder*, 465 U.S., at 788, 104.  Therefore, the Plaintiff also fails to meet the third prong of the *Calder* test.

Because Plaintiff has not satisfied all three elements of the *Calder* test, the Court finds that Defendants did not purposefully direct their conduct at California. Accordingly, the court need not address the second and third prongs of specific jurisdiction. The Court therefore lacks both general and specific jurisdiction over Defendants.

### III.  Jurisdictional Discovery

Plaintiff requests that the Court grant him leave to conduct jurisdictional discovery.  (In Support of Mot. to Strike 5–11.)  The Court has "broad discretion to permit or deny jurisdictional discovery." *Lang v. Morris*, 723 F. Supp. 2d 966, 979 (N.D. Cal. 2011).  To warrant jurisdictional discovery, the moving party must present a "colorable basis" for its request.  *Id.*

Here, Plaintiff asks for jurisdictional discovery focusing on the extent of Defendants' California business transactions and activities to "ascertain the depth of

11.

this relationship within . . . California" and, thus, establish personal jurisdiction. (In Support of Mot. to Strike 10.) Plaintiff's personal jurisdiction claims concern Amazon's general business presence and practice in California, but as already stated, none of this evidence supports his theory of personal jurisdiction. The Court does not believe that further discovery would demonstrate facts sufficient to establish a basis for personal jurisdiction and, thus, finds no colorable basis for granting jurisdictional discovery. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir.1977). Accordingly, the Court denies Plaintiff's request. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1992) (holding that discovery is not warranted if a plaintiff cannot "demonstrate how further discovery would allow it to contradict the [defendant's] affidavits").

Thus, lacking personal jurisdiction over Defendants and finding insufficient cause for jurisdictional discovery, the Court partly **GRANTS** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

### E. Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted

Even if Plaintiff were to amend his complaint to establish personal jurisdiction, the Court the pleadings are still deficient because the Complaint fails to state a claim upon which relief can be granted. Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough details to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted). Although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010.) A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982.)

As to Plaintiff's copyright infringement claim, the complaint does not state plausible allegations showing that Defendants directly infringed Plaintiff's copyrights. *See Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) (finding that a plaintiff must show copying by the defendant to establish a copyright infringement claim). Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted for copyright infringement.

As to the unlawful use of digital and audio devices claim, the complaint does not state plausible allegations showing that Defendants violated the Audio Home Recording Act ("AHRA"). Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted for AHRA violations.

As to the violation of RICO claims, the complaint does not state plausible allegations showing that Defendants engaged in racketeering activity and violated the RICO Act. Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted for RICO Act violations.

Lastly, as to the negligence claim, the complaint does not state plausible allegations showing that Defendants owed Plaintiff a duty as a matter of law. Thus, the Court concludes that Plaintiff has failed to state a claim upon which relief can be

13.

granted for negligence.[7]

Therefore, the Court **GRANTS** the Defendants' motion based on lack of personal jurisdiction with leave to amend. The Court finds that even if Plaintiff amends his complaint to establish personal jurisdiction, he fails to state plausible claims for direct copyright infringement, AHRA violations, RICO Act violations, and negligence.  Accordingly, if Plaintiff amends his complaint to establish personal jurisdiction, he should also amend it to state plausible claims for which relief can be granted, if possible.

## IV.     CONCLUSION

For the reasons set forth above, the Court **DENIES in part as moot** and **GRANTS in part** Defendants' Motion to Dismiss based on Rules 12(b)(2) and 12(b)(6), **DENIES** Plaintiff's Motion to Strike, and **DENIES** Plaintiff's Motion to Compel as moot. The case is therefore **<u>DISMISSED</u>** with leave to amend.  Plaintiff shall file any amendment within 30 days of the issuance of this order.

Dated:  August 1, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

---

[7] The Court will allow Plaintiff to amend his complaint but will deny Plaintiff's request to conduct limited discovery to state plausible claims for which relief can be granted on these four claims.  Any such discovery would, in the Court's view, be frivolous.